PERRY, The CHARLES F. See Case No. 2,616.

PERRY, The HIRAM. See Case No. 9,019.

---

## Case No. 11,014.

PERRY MANUF'G CO. v. BROWN et al.

[1 Brunner, Col. Cas. 547;[1] 9 Law Rep. 542.]

Circuit Court, D. Massachusetts. 1847.

### WHAT RECOVERABLE AS COSTS.

Where five members of a copartnership were summoned as trustees, and four of them signed and made oath to a special answer, on which they were discharged, several costs of travel and attendance were allowed to the four, but not for counsel fees.

[This was an action by the Perry Manufacturing Company against Brown, Harris, and others.]

In each of these cases, Francis Skinner and four others were summoned as trustees, described as "partners in trade, under the firm of Francis Skinner & Co.," and notified in the writ that they were "summoned as such partnership, and not as individuals." At the return day, their counsel entered five separate appearances, and filed five separate general answers, by attorney, in each case. A single set of special interrogatories was then put to the trustees, with this caption: "Interrogatories addressed to Francis Skinner and others, summoned as trustees under the firm of Francis Skinner & Co., to which their single joint answer by any one member of the firm will be sufficient." To these, the trustees filed a single joint answer, signed "Francis Skinner & Co., by Francis Skinner," and sworn to by Mr. Skinner. The trustees afterwards put in a further voluntary

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

answer, stating facts to which they had not been interrogated, and signed and sworn to by four of the five members, one being out of the commonwealth. On this answer they were discharged, and their counsel claimed ten several bills of costs, viz.: five in each case, which, with counsel fees claimed, amounted to a little more than two hundred dollars. This was resisted by the plaintiffs' counsel, who contended that the costs should be joint in each case.

Charles P. Curtis cited Rev. St. Mass. c. 109, § 49, adopted as a part of the rules of practice in the circuit court, to this effect: "If any person, summoned as a trustee, shall appear at the first term, and submit himself to an examination upon oath, he shall be allowed his costs for travel and attendance, and such further sum, as the court shall think reasonable, for his counsel fees and other necessary expenses." He contended that this statute was peremptory, and ensured costs to each person; making no provision for a partnership, which is not a person. There is a special provision for corporations.

R. H. Dana, Jr., for plaintiffs, contended that this statute, having only the force of a rule, in the circuit court, was not peremptory, but directory, and addressed itself to the discretion of the court. If the plaintiffs clearly confined themselves to the joint debt, and required only the answer of one member of the firm, the attendance and answers of the others were unnecessary, and ought not to entitle them to several costs, any more than would several pleas unnecessarily put in by joint defendants. They become, in fact, one party. There is no decision of the supreme court of the state on this point, but it is because the practice is uniform, and recognized in the state courts. There was also an agreement among the members of the Suffolk bar, several years ago, to which the trustees' counsel was party, to tax but one bill in a case like the present.

Mr. Curtis replied that the agreement referred to was made before the plaintiffs' counsel came to the bar, and as he was not a party to it, he was not entitled to the benefit of it. Also, the agreement was no longer in force, as the association of the bar was dissolved. He doubted the uniformity of the practice, and suggested that, so far as it existed, it probably had its origin in the agreements of the bar.

SPRAGUE, District Judge, intimated an opinion in favor of several costs, but was willing to hear evidence as to the practice in the courts of the state. The case was accordingly postponed for that purpose.

SPRAGUE, District Judge, at a subsequent day, gave the following opinion: The statute seems to me to be peremptory. It says "any person," while the statute regulating costs between principals, uses the term "party." In the latter case, it becomes a ques-

tion, whether or not certain persons, joined as defendants, are or are not one party. This statute takes no cognizance of anything but persons and corporations. A partnership is not a person. It is contended that the statute, being only a rule in this court, is directory, and addressed to our discretion. Still, we must construe it according to its terms, and these seem to me distinct. The notice given by the plaintiffs, in their writ, is sufficient to confine their attachment to the joint debt; yet this does not excuse the trustees from appearing, according to the exigency of the writ, and submitting themselves severally to examination, under oath, as to the joint debt. One may know what another does not. The plaintiffs have a right to the answer of each, as to the joint debt. In this case, the plaintiffs have several answers, and agree to receive the answer of any one of the firm; but this does not excuse the others from attendance. They have no leave to go out of court. All are liable to be charged, on the answer of one; and if charged, each is liable, ultimately, to a judgment upon scire facias against his private property and his body. I think each trustee must remain in court until he is discharged, or a discontinuance is entered against him. If so, he should have his costs for attendance. He also has a right to put in a separate answer, if he pleases, notwithstanding the notice.

The evidence, as in the practice in the state courts, has been before me, and I must consider it proved that the practice in Suffolk, Middlesex, and probably all the other counties, is to allow but one bill of costs in a case like the present. This is, however, a custom of the clerks and the gentlemen of the bar, arising perhaps from courtesy or agreement. It has never been officially recognized, nor has the statute ever been solemnly passed upon, by the supreme court. It appears that Chief Justice Williams decided, in conformity with the practice, in the court of common pleas; but the case was not reported, and that learned judge is not able to refer us to the name or date of the case. There may have been circumstances in the case, not now recollected, which would not make it conform altogether to the present. Moreover, so long as this decision, as well as the practice, is liable to be revised and perhaps reversed by the higher tribunal, I feel bound to follow my own judgment. Whereas, if the existing practice had been solemnly recognized and established by the highest tribunal in the state, I should prefer to follow it, for the sake of uniformity of practice, although not legally binding in this court.

As one of the trustees did not sign the special answer, being, as appears, out of the commonwealth, his costs will be disallowed. The other trustees are adjudged several costs, in each case, for travel and attendance, but not for counsel fees.

[For the case between the same parties, The Western Railroad Trustee, see Case No. 11,015.]